IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50503
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MELVIN JAMES SANFORD;
GERALD ANTHONY HARRIS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CR-53-1
- - - - - - - - - -
April 30, 1998

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Melvin James Sanford and Gerald Anthony Harris challenge the sufficiency of the evidence to support their convictions for conspiracy to possess crack cocaine in violation of 21 U.S.C. § 846. Sanford's argument that the Government failed to show that he conspired to distribute crack cocaine is meritless, and his conviction should not be reversed. United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993); United States v. Chavez, 119 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

342, 347 (5th Cir. 1997).  Harris's argument that he was not part of a conspiracy fails.  See United States v. Teal, 582 F.3d 343, 345 (5th Cir. 1978).

Sanford challenges the legality of the search of his residence.  The warrant was supported by an affidavit which was sufficiently particular as to the items to be seized.  See United States v. Layne, 43 F.3d 127, 132 (5th Cir. 1995).  The business cards were not under the ambit of the warrant, but they were admissible under the plain view doctrine.  Horton v. California, 496 U.S. 128, 136-37 (1990).  The currency from the safes was not admissible evidence under the plain view doctrine, but its admission was harmless error given the testimony of Kenneth Brown and Oscula Clayton, as well as other evidence which corroborated Brown's testimony.  United States v. Rodriquez, 43 F.3d 117, 123 (5th Cir. 1995).

Harris's and Sanford's contention that the sentencing enhancement provisions of 21 U.S.C. § 841(b)(1)(A)(viii) violate the Equal Protection Clause has been rejected by this court.  United States v. Cherry, 50 F.3d 338, 342-44 (5th Cir. 1995).  One panel of this court cannot overrule the decision of a prior panel absent en banc reconsideration or a superseding contrary decision of the Supreme Court.  United States v. Arcs, 118 F.3d 335, 338 (5th Cir. 1997).

AFFIRMED